IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISON

DOLORES MARY GEFROH,

    Petitioner,

vs.

GORDON ALAN GEFROH,

    Respondent,

JACOB GEFROH, an Adult Child;
JARED GEFROH, an Adult Child,

    Interested Parties.

Case No. 6:21-cv-00329-AA

**OPINION AND ORDER**

AIKEN, District Judge:

On February 10, 2021, respondent Gordon Gefroh filed a pro se Notice of Removal (doc. 1), seeking to remove Case No. 20DR01906, an action for divorce, from Benton County Circuit Court based on federal question and diversity between the parties. Respondent did not pay the filing fee or file an application to proceed in forma pauperis at that time, so on March 3, 2021, the Court ordered him to do so within 30 days. Doc. 5. The Court also warned respondent that his Notice of Removal failed to comply with 28 U.S.C. § 1446 because he had not filed "a copy of all process,

Page 1 – OPINION AND ORDER

pleadings, and orders served upon him" in the state court case. *Id.* Respondent filed a Corrected Notice of Removal (doc. 6), which appears to include those materials. And, on April 2, 2021, Respondent paid the filing fee.

The Court has carefully reviewed the Corrected Notice of Removal, liberally construing the allegations in the Notice, and finds that the Court lacks jurisdiction over the underlying divorce action. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972) (pro se pleadings are held to less stringent standards than pleadings by attorneys); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (allegations by pro se litigants should be construed liberally and the litigants should be afforded the benefit of the doubt).

Respondent does not assert a statutory basis for removal of this action, but he appears to seek removal under 28 U.S.C. § 1441. Section 1441 authorizes removal of state-court actions that could have originally been filed in federal court. 28 U.S.C. § 1441(a) (2011); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case could have originally been filed in federal court if the court has diversity jurisdiction or federal-question jurisdiction over the case. *Caterpillar*, 482 U.S. at 392. There is a "strong presumption against removal," however, and respondent has the "burden of establishing that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

The Notice of Removal alleges removal based on federal question jurisdiction and diversity of the parties. Despite plaintiff's allegations that the underlying state action involves a multitude of federal questions, the action involves the dissolution of

a marriage. Divorce cases are purely state-law matters, and federal courts will not hear divorce cases because of the "virtually exclusive primacy . . . of the States in the regulation of domestic relations." *See United States v. Windsor*, 570 U.S. 744, 767 (2013) (citations omitted). Thus, even assuming that respondent adequately showed diversity jurisdiction, this Court would lack jurisdiction over this divorce action.[1]

Accordingly, this Court lacks subject matter jurisdiction over the underlying action. In the absence of subject-matter jurisdiction, this Court is empowered to *sua sponte* order summary remand. *See* 28 U.S.C. § 1446(c)(4) (requiring courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before judgment is entered, that the court lacks subject matter jurisdiction). Therefore, this action shall be REMANDED to Benton County Circuit Court.

IT IS SO ORDERED.

Dated this 8th day of April 2021.

                                            /s/Ann Aiken

                                               Ann Aiken
                                        United States District Judge

---

[1] Nevertheless, respondent has also failed to allege diversity jurisdiction. Diversity jurisdiction exists over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(l). For purposes of diversity jurisdiction, state citizenship is determined based on the parties' domiciles. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Respondent alleges that he is a citizen of North Dakota and petitioner is a citizen of Oregon and that the "sum in controversy exceeds $75,000." Doc. 6 at 5. However, the Corrected Notice of Removal and documents attached to it demonstrate that plaintiff's mailing address and residence are in Philomath, Oregon. Therefore, respondent's claim of diversity of citizenship is implausible because he is domiciled in Oregon.