IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISON

DOLORES MARY GEFROH,

       Petitioner,

vs.

GORDON ALAN GEFROH,

       Respondent,

JACOB GEFROH, an Adult Child;
JARED GEFROH, an Adult Child,

       Interested Parties.

Case No. 6:21-cv-00329-AA

**OPINION AND ORDER**

AIKEN, District Judge:

    Respondent Gordon Alan Gefroh seeks reconsideration of this Court's Order and Judgment remanding this action to Benton County Circuit Court. Docs. 8,9.

    "Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* Fed. R. Civ. P.

Page 1 – OPINION AND ORDER

54(b) (providing that any order or other decision that adjudicates fewer than all of a parties' claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability").

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*[1]

Having reviewed my earlier Opinion and Order (doc. 8) remanding the action and the docket in this case, I find that respondent's motion does not present grounds for the extraordinary remedy of reconsideration. Thus, respondent's Motion for Reconsideration (doc. 12) is denied.

In the alternative, respondent asks the Court to refund his filing fee. When respondent filed the Notice of Removal (doc. 1) without a copy of all process, pleadings, and orders served upon him in the state court case and without paying the filing fee or filing an application to proceed in forma pauperis ("IFP"), I ordered respondent to pay or apply for IFP status and warned him that failure to file the state court materials may also result in remand of the action. Doc. 5. But that order did

---

[1] Although *Kona Enterprises* concerned a Rule 59(e) motion for reconsideration of an order of final judgment, the same standard governs reconsideration of interlocutory orders under Rule 54(b). *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571, F.3d 873, 880 (9th Cir. 2009); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (stating that courts generally apply the same standards to motions under Rule 54(b) as those used in motions under Rule 59(e) and listing opinions).

Page 2 – OPINION AND ORDER

not advise respondent that the case appeared to be a divorce proceeding which might also be subject to summary remand. Thus, I find that it is appropriate to grant respondent's request for a filing fee refund.

For the reasons stated above, respondent's Motion for Reconsideration (doc. 12) is DENIED and his refund request is GRANTED. The civil filing fee of $402 was paid on April 2, 2021, receipt number ORX600013741. The Clerk of Court is ordered to refund the filing fee of $402.00 to Gordon Gefroh, P.O. Box 1077, Philomath, OR 97370.

IT IS SO ORDERED.

Dated this 7th day of January 2022.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 3 – OPINION AND ORDER